### A. J. COOPER v. B. F. COOK, Appellant.

**Right of Redemption:** ABANDONMENT. After the rendition of a decree entitling a land owner to redeem from a tax sale, he paid the redemption money to the clerk, but the tax sale purchaser refused to accept it, because he thought there was no redemption, whereupon the former moved to compel a conveyance from the latter through the clerk, and the motion was denied, whereupon the former withdrew his money, and the latter and his grantee remained in possession for 15 years. *Held,* that the former had abandoned his right to redeem.

**Correction of Decree in Blank.** The incompleteness of a decree requiring a conveyance of land on payment of $———may be cured by order fixing the amount, made on a motion therefor.

**Appeal:** OBJECTION BELOW. One cannot on appeal first object that there was a departure from the prescribed rules of pleading.

*Appeal from Taylor District Court.*—HON. W. H. TEDFORD, Judge.

THURSDAY, MAY 11, 1899.

An action to quiet title to the west one-half of the northwest one-fourth and the northwest one-fourth of the southwest one-fourth of section 7, township 69, range 32 west of

the fifth principal meridian, in Taylor county. Plaintiff's title is based on a tax deed to one E. Manning, dated December 12, 1872. At the date of the sale the legal title to the land was in one John B. Cook and the defendant, each an undivided one-half. When the tax deed issued, the defendant was a minor, and attained his majority October 8, 1875. In 1876 he instituted a suit in Taylor county against the then holder of the tax title and others, asking an order permitting him to redeem his interest from the tax sale, and on the trial a decree was entered that defendant should pay into court, within ninety days from May 31, 1877, for the use of one Stout, who then owned the tax title, $———, being one-half of the improvements, taxes, penalty, costs, and interest expended in behalf of the premises; and that defendants make to plaintiff therein a deed therefor. No money was paid during the ninety days, and at the November term of court (it being the next term after the May term when the decree was entered) Cook presented a motion for the court to fix the amount to be paid for redemption (the amount being left blank in decree), and the court sustained the motion, and the amount was thereafter paid into court, but was never accepted by Stout, and in October, 1880, Cook presented his motion to the court asking that the court require the clerk, as commissioner, to convey the premises to him in accord with the terms of the original decree. The motion was resisted on several grounds, and overruled. Thereafter, on the thirty-first day of December, 1880, Cook's attorneys withdrew the redemption money from the clerk, and Stout having conveyed the premises to the plaintiff, Cooper, in 1896, he brings this action to quiet his title. The district court gave judgment for plaintiff, and the defendant appealed.—*Affirmed.*

*Jackson & Miller* and *C. C. & C. L. Nourse* for appellant.

*Mark Atkinson* for appellee.

GRANGER, J.—The arguments deal with the question of the legal effect of the order of the court on the motion by Cook for an order requiring the clerk, as commissioner, to make him a deed, it being claimed that it was an adjudication that became final and conclusive, as no appeal was taken from it. We are disposed to pass that question, and dispose of the case on one more nearly involving the merits. Assuming the original decree to have been incomplete, in that it did not fix the amount necessary to be paid in order to redeem, it was certainly complete after the court sustained a motion to fix the amount; and it was done. It was then that Cook entered on its performance by paying to the clerk the amount. It is appellant's position that the payment fixed the fact of redemption, so that a withdrawal of the money thereafter would not affect it; that, whatever might be the rights of the parties as to the money, the land was redeemed from the sale, and belonged to Cook. The issues and the record disclose that Stout was refusing to accept the money because, as he thought, there was no redemption. Cook was urging its acceptance, or his right to a deed, because, as he thought, there was a redemption. It was because of this situation that Cook presented his motion to compel a conveyance through the clerk, which the court denied.

No one has claimed, nor do we think such a claim could well be made, that, with this situation, Cook could not abandon, voluntarily, his redemption; that is, take his money and leave the land to Stout. The issues in the case arise, practically, on the answer by Cook, and the reply, wherein Cook sets up the facts to show a redemption, and asks affirmative relief, and plaintiff, by reply, pleads the withdrawal of the money after the refusal of the court to order a conveyance, and the occupation by plaintiff and his grantor for fifteen years. That Cook, by withdrawing the money, intended to undo what had been done in the way of redemption, and

abandon any relief under the decree of the court, admits of no doubt. Even though what he had done could be enforced as a legal redemption,—which we do not decide,—Cook surely had the right, with the consent or acquiescence of Stout, to surrender all claim under the decree; that is, he could surrender what was his legal right, or abandon it, and take to himself what, if there was an actual redemption, belonged to Stout, if Stout assented to it. That is the situation here. After the ruling on the motion, Cook, instead of further insisting on his right to a deed, took the money, intending, evidently, to undo what he had done, and made no further attempt to secure a title; and Stout, without question, accepted the situation; and thus for fifteen years the parties acted upon that undoubted understanding. Under such circumstances there is no redemption available to Cook as a basis for holding the land. There is something said in argument as to the pleadings,—a plea of the statute of limitations being a reply. We have not touched that question, but have considered other matters pleaded in the reply.

4    It is to be said that the pleadings are a departure from the prescribed rules, there being a petition, answer, reply, and replication, and not such a division of the subject matter of the pleading as the law contemplates. However, the parties proceeded to trial on the issues thus made without question. The judgment is AFFIRMED.